UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KHALIFA MARA,

    Petitioner,

v.                                                    CASE NO. 6:13-cv-952-Orl-31KRS

SECRETARY, DEPARTMENT
 OF CORRECTIONS, et al.,

    Respondents.

_____/

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed an amended response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 9). Petitioner was given an opportunity to file a reply, but he did not do so.

I.    *Procedural History*

The State charged Petitioner by information with attempted robbery with a firearm (count 1), aggravated battery with a deadly weapon (count 2), aggravated

assault with a firearm (count 3), and aggravated assault with a firearm (count 4). A jury found Petitioner guilty of the lesser included offense of attempted robbery with a deadly weapon as to count one and guilty as to counts two and three. The trial court granted the motion for judgment of acquittal as to count four, and it later dismissed count one on double jeopardy grounds. The trial court adjudicated Petitioner guilty of the crime and sentenced him to imprisonment for a term of 37.8 months as to count two and for a term of 20 years as to count three, with the sentences to run concurrently. Petitioner filed a direct appeal, and the Florida Fifth District Court of Appeal affirmed *per curiam* on April 15, 2008. The mandate issued on May 2, 2008.

On June 11, 2008, Petitioner filed a petition for writ of habeas corpus with the state appellate court, which was denied on October 29, 2008.[1]

On January 23, 2009, Petitioner filed motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), which the trial court denied on July 26, 2011. Petitioner did not appeal the denial.

On August 29, 2009, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, which was later amended. The trial court denied the motion on July 26, 2011. The state appellate court affirmed the denial on

---

[1]Petitioner filed his postconviction matters *pro* se, and references to the filing dates of those matters shall be the filing date under the mailbox rule. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing).


March 27, 2012. The mandate issued on April 20, 2012. Petitioner filed the instant federal habeas petition on June 17, 2013.

## II. *Petitioner's Habeas Petition is Untimely*

### A. *Legal Standard*

Pursuant to 28 U.S.C. § 2244,

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A)   the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> >
> > (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### B. *Discussion of Petitioner's Case*

In the present case, the state appellate court entered its *per curiam* affirmance of Petitioner's convictions and sentences on April 15, 2008. Petitioner then had ninety days, or through July 14, 2008, to petition the United States Supreme Court for a writ of certiorari.[2] Thus, under § 2244(d)(1)(A), the judgment of conviction became final on July 14, 2008, and Petitioner had through July 14, 2009, absent any tolling, to file a federal habeas petition. Petitioner's June 17, 2013, federal habeas petition was untimely.

Pursuant to section 2244(d)(2), the one-year period is "tolled" for the time during which a *properly filed* state postconviction or collateral proceeding is pending. When Petitioner filed his first state habeas petition on June 11, 2008, the one-year period had not yet begun. Therefore, the beginning of the one-year period was tolled until October 29, 2008, when the state appellate court denied the petition.

The one-year period then ran for 86 days until Petitioner filed his Rule 3.800 motion with the state trial court on January 23, 2009. During the pendency of those

---

[2]Rule 13 provides as follows:

The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13(3).

proceedings, Petitioner filed his Rule 3.850 motion on August 19, 2009. The trial court denied both of those motion on July 26, 2011. Petitioner did not appeal the denial of the Rule 3.800 motion; however, he did appeal the denial of the Rule 3.850 motion. The Rule 3.850 proceedings concluded on April 20, 2012, when the state appellate court issued mandate with regard to the appeal of the denial of his Rule 3.850 motion. Thus, the one-year period expired 279 days later on January 24, 2013, and the instant habeas petition was untimely.

In sum, the instant habeas petition was filed more than one year after Petitioner's conviction became final. Petitioner has not pointed to any other valid statutory ground for extending the deadline for filing his federal petition. Further, Petitioner has not set forth any basis for equitable tolling, nor has he presented any arguments to support a claim of actual innocence. Accordingly, Petitioner's § 2254 petition is time-barred by the AEDPA's one-year statute of limitations and is dismissed.

Any of Petitioner's allegations that attempt to excuse her failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Khalifa Mara is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[3] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 10th day of September, 2014.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 9/10
Khalifa Mara
Counsel of Record

---

[3]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.